UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **GREGORY ALLEN CAMPBELL** | **CIVIL ACTION** |
| **VERSUS** | |
| | **NO. 16-357-BAJ-RLB** |
| **DOLGENCORP, LLC** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on July 16, 2016.

_____
**RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

GREGORY ALLEN CAMPBELL                        CIVIL ACTION

VERSUS
                                                              NO. 16-357-BAJ-RLB
DOLGENCORP, LLC

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion to Remand (R. Doc. 4) filed on June 15, 2016. Any opposition to this Motion was required to be filed within 21 days after service of the Motion. LR 7(f).  Defendants have not filed an opposition as of the date of this Report and Recommendation.  The Motion is therefore unopposed.

I.      Background

On April 21, 2016, Gregory Allen Campbell ("Plaintiff") initiated this action in the 19th Judicial District Court, East Baton Rouge Parish, Louisiana, naming as the sole defendant Dolgencorp, LLC. (R. Doc. 1-1, "Petition").  Plaintiff alleges that on February 26, 2016, he was shopping at a store owned and operated by Defendant when he slipped and fell in a wet area on his way to the bathroom. (Petition, ¶¶ 4-5).  Plaintiff alleges that he has suffered damages including but not limited to the following:

- a. Bodily injuries, pain and suffering – past[,] present[,] and future[;]
- b. Mental anguish and distress – past[,] present[,] and future;
- c. Medical/Pharmaceutical expenses – past, present, and future;
- d. Loss of income/wages;
- e. Apprehension of insufficient medical attention to his injury;
- f. Inconvenience and Fear and fright;
- g. Embarrassment, humiliation, and aggravation;
- h. Loss of ability to participate in normal activities;
- i. Property damage;
- [j.] And other such damages as may be allowed . . . .

1

(Petition, ¶ 7).  Plaintiff does not pray for a jury trial.

On May 31, 2016, DG Louisiana, LLC ("DG Louisiana") removed this action, alleging that Plaintiff incorrected named "Dolgencorp, LLC" as the defendant in the Petition and that the Court can exercise diversity jurisdiction pursuant to 28 U.S.C. § 1332. (R. Doc. 1).  DG Louisiana asserts that it is a limited liability company whose sole member is the named defendant, Dolgencorp LLC. (R. Doc. 1 at 2).  DG Louisiana further asserts that the sole member of Dolgencorp LLC is Dollar General Corporation, which is incorporated under the laws of Tennessee and has its principal place of business in Tennessee.  (R. Doc. 1 at 2).  Based on the foregoing, DG Louisiana asserts that there is complete diversity because it is a citizen of Tennessee and Plaintiff is a citizen of Louisiana.

DG Louisiana further asserts in the Notice of Removal that it is facially apparent that the jurisdictional amount in controversy is satisfied. (R. Doc. 1 at 2-4).  DG Louisiana states that "Plaintiff's specific bodily injury is a right knee injury for which he has been treating with an orthopedist since the alleged date of the incident." (R. Doc. 1 at 3).  DG Louisiana does not present any additional assertions and/or evidence regarding Plaintiff's injuries.

On June 15, 2016, Plaintiff moved to remand on the basis that the amount in controversy requirement is not satisfied and the actual named defendant, Dolgencorp LLC, has not joined and/or consented to removal. (R. Doc. 4).  Plaintiff seeks recovery of costs pursuant to 28 U.S.C. § 1447(c).

## II.    Arguments of the Parties

Plaintiffs argues that the Court lacks jurisdiction because the amount in controversy is not facially apparent from the Petition, as supported by Plaintiff's lack of a jury demand, and Defendant has not submitted any summary judgment type evidence establishing that the

jurisdictional amount is satisfied. (R. Doc. 4-1 at 1-3). In addition, Plaintiff argues that the removing entity, DG Louisiana, is not a named defendant and the only named defendant, Dolgencorp LLC, has not joined and/or consented to removal. (R. Doc. 4-1 at 3-5).

DG Louisiana did not raise any arguments in support of jurisdiction.

### III.   Law and Analysis

#### A.   Legal Standards

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed"). Remand is proper if at any time the court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).

If removal is sought on the basis of diversity jurisdiction, then "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). If, however, the "State practice . . . permits the recovery of damages in excess of the amount demanded," removal is proper "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." 28 U.S.C. § 1446(c)(2)(A)(ii)-(B).

3

Louisiana law provides that "a final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings." La. Code Civ. P. art. 862.  Furthermore, in Louisiana state court, plaintiffs are generally prohibited from alleging a specific monetary amount of damages sought in their petitions. La. Code Civ. P. art. 893(A)(1).  This prohibition on alleging a specific amount of damages, however, "is not applicable to a suit on a conventional obligation, promissory note, open account, or other negotiable instrument . . ." La. Code Civ. P. art. 893(B).  Plaintiffs are also required to state whether there is a "lack of jurisdiction of federal courts due to insufficiency of damages." La. Code Civ. P. art. 893(A)(1).

The burden of proof is on the removing defendant to establish that the amount in controversy has been satisfied. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). The defendant may make this showing by either (1) demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) setting forth facts in controversy that support a finding of the jurisdictional minimum. *Id*.  If the defendant can produce evidence sufficient to show by a preponderance that the amount in controversy exceeds the jurisdictional threshold, the plaintiff can defeat diversity jurisdiction only by showing to a legal certainty that the amount in controversy does not exceed $75,000. *See*, *e.g.*, *St. Paul Mercury Indem. Co. v. Red Cab Co*., 303 U.S. 283, 288-89 (1938); *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 869 (5th Cir. 2002); *De Aguilar v. Boeing Co*., 47 F.3d 1404, 1412 (5th Cir. 1995).

**B.   Analysis**

    **1.   Diversity Jurisdiction**

There is no dispute that there is complete diversity between Plaintiff and the removing entity DG Louisiana and/or the named defendant Dolgencorp LLC.  Accordingly, the only issue

with regard to whether the Court has diversity jurisdiction is whether the amount in controversy has been satisfied under 28 U.S.C. § 1332(a).[1]

"Courts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test." *See Davis v. JK & T Wings, Inc.*, No. 11-501, 2012 WL 278728, at *3 (M.D. La. Jan. 6, 2012), *report and recommendation adopted*, 2012 WL 278685 (M.D. La. Jan. 31, 2012) (citing *Alderdice v. Lowe's Home Centers, Inc.*, No. 09-406, 2010 WL 371027 (M.D. La. Jan. 29, 2010); *Nelson v. Wal-Mart Stores, Inc.*, No. 09-302, 2009 WL 1098905 (W.D. La. Apr. 22, 2009), and numerous cases cited therein, *Fontenot v. Granite State Ins. Co.*, No. 08-1296, 2008 WL 4822283 (W.D. La. Nov. 3, 2008); and *Bonck v. Marriot Hotels, Inc.*, No. 02-2740, 2002 WL 31890932 (E.D. La. Dec. 30, 2002)). "When . . . the petition is vague regarding the types of injuries incurred and any future problems resulting from the incident, 'the court must conclude that it was not 'facially apparent' that the amount of damages would exceed $75,000.'" *Dunomes v. Trinity Marine Products, Inc*., No. 14-1968, 2014 WL 7240158, at *4 (E.D. La. Dec. 19, 2014) (quoting *Broadway v. Wal-Mart Stores,* No. 00-1893, 2000 WL 1560167, at *2 (E.D. La. Oct. 18, 2000)).

Here, the Petition does not provide sufficient facts for determining the severity of Plaintiff's injuries. Plaintiff merely alleges he "attempted to go to the bathroom in the store

---

[1] Because the Court does not have subject-matter jurisdiction over this action, it need not discuss (1) whether DG Louisiana correctly asserts that its sole member, Dolgencorp LLC, is incorrectly named as the defendant in this matter; (2) whether DG Louisiana has any standing to remove this action; and (3) whether the action is subject to remand for the procedural defect of lack of consent of the actually named defendant, Dolgencorp LLC.

5

when he encountered a wet area that had no warning signs posted and fell injuring himself and braking [sic] his telephone apparently caused by the mop bucket left to drain without warning." (Petition, ¶ 5). While Plaintiff alleges that he "sought medical treatment for his injuries," the Petition provides no specifics regarding the alleged injuries or the treatment sought and/or obtained. In short, Plaintiff seeks recovery for broad categories of damages typically alleged in a personal injury action without providing any detail regarding the alleged injuries. Without any additional detail, the Court is unable to quantify the potential amount of recovery for any of these categories. In the absence of additional factual assertions regarding the extent or nature of the actual physical injuries suffered, the Petition does not provide enough information for the Court to conclude that the amount in controversy is facially apparent. *See Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999).[2]

As the amount in controversy requirement is not facially apparent, the Court will turn to whether the parties have submitted facts in controversy supporting a finding of the jurisdictional minimum.

DG Louisiana has not submitted any summary judgment type evidence or otherwise identified any facts in controversy in support of their assertion upon removal that the amount in controversy requirement is satisfied. At most, DG Louisiana asserts, without any supporting evidence, that Plaintiff has suffered a "right knee injury for which he has been treating with an

---

[2] Plaintiff further argues that the amount in controversy requirement is not satisfied because he did not demand a jury trial. The basis for this argument is that under Louisiana procedural law, a jury trial is not available in state court "where the amount of individual petitioner's cause of action exceeds fifty thousand dollars exclusive of interest and costs." La. C.C.P. art. 1732(1). Even if Plaintiff had requested a jury, given the vague injuries and categorical damages alleged in the Petition, the Court would give little weight to that request in establishing the amount in controversy. *See Brown v. Richard*, No. 00-1982, 2000 WL 1653835, at *4 (E.D. La. Nov. 2, 2000) ("jury demand for state court can be a factor in determining whether the amount in controversy requirement for federal jurisdiction is satisfied" but alone is not controlling to satisfy the jurisdictional requirement).

orthopedist since the alleged date of the incident." (R. Doc. 1 at 3). DG Louisiana provides no information regarding the severity of the knee injury, the prognosis, and/or any information regarding incurred medical expenses.

Based on the foregoing, DG Louisiana has not met their burden of establishing that the amount in controversy requirement is satisfied. Accordingly, the Court does not have subject matter jurisdiction pursuant to 28 U.S.C. §1332(a).

### 2.   Award of Costs and Expenses

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The award of costs and expenses under § 1447(c) is discretionary and should only be awarded where the removing party "lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corporation,* 546 U.S. 132, 141 (2005). The court must consider the propriety of the removing party's actions at the time of removal, based on an objective view of the legal and factual elements in each particular case, irrespective of the fact that it was ultimately determined that removal was improper. *Id.*; *Avitts v. Amoco Prod. Co.,* 111 F.3d 30, 32 (5th Cir.1997), *cert. denied,* 522 U.S. 977 (1997); *Miranti v. Lee,* 3 F.3d 925, 928–29 (5th Cir.1993). To be subject to an award of attorney's fees under § 1447(c), a defendant must have played a role in the decision to remove. *Avitts,* 111 F.3d at 32.

The record establishes that Plaintiff is entitled to an award of just costs and fees incurred under the statute. At the time of removal, DG Louisiana and/or Dolgencorp LLC did not have an objectively reasonable basis to remove the suit. As explained above, it was apparent from the face of the Petition that the amount in controversy requirement was not satisfied. DG Louisiana and/or Dolgencorp LLC have not attempted to provide any argument or reason indicating why

removal was proper. Even if Plaintiff could ultimately recover more than $75,000 in this action, it was not objectively reasonable for DG Louisiana and/or Dolgencorp LLC to remove this action based solely on the allegations in the Petition.

Plaintiff did not provide any statement of "just costs and any actual expenses" incurred in addressing removal. A review of the record, including the motion to remand, suggests that Plaintiff is entitled to recover, pursuant to 28 U.S.C. § 1447(c), costs and expenses, including attorney's fees, incurred as a result of the removal in the amount of $500. *See Squyres v. United Airlines, Inc.*, No. 15-671, 2015 WL 9604255, at *4 (M.D. La. Dec. 14, 2015), *report and recommendation adopted*, 2016 WL 67697 (M.D. La. Jan. 4, 2016).

## IV.    Conclusion

**IT IS RECOMMENDED** the Plaintiff's Motion to Remand (R. Doc. 4) be **GRANTED**, and the case be **REMANDED** to the 19th Judicial District Court, East Baton Rouge Parish, Louisiana.

**IT IS FURTHER RECOMMENDED** that pursuant to 28 U.S.C. § 1447(c), DG Louisiana be ordered to pay to Plaintiff costs and expenses incurred as a result of the removal in the amount of $500, within 14 days of the ruling on the Motion to Remand or within such time as the district judge may direct.

Signed in Baton Rouge, Louisiana, on July 16, 2016.

_____
**RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE**